Opinion of the court delivered by
Judge Haywood.—
The defendant in error, Chance, sued the plaintiif in error, Davis and two others, in trespass, in the circuit court of the county of Stewart. Davis pleaded not guilty, upon which issue was joined at February Term 1822, and in February Term 1824, this issue was tried, a verdict was given for the plaintiif, and damages were assessed to one hundred dollars. At August Term 1824, Hezekiah Davis, one of the other defendants, pleaded, and was found not guilty; and at the same term, Vaughn, the remaining defendant, having pleaded not guilty, was found guilty, and had damages assessed against him to three hundred dollars; and the court gave judgment for the said three hundred dollars, both against David Davis and him. An appeal in the nature of a writ of error was taken, and the assignment of errors has raised this question, whether such judgment could legally be given against David Davis.
First try this question upon principle; for one trespass there can be but one satisfaction, whether commit-' ted by one or many, and of course but one judgment for satisfaction. If several defendants sued in trespass, plead jointly, and they he all tried together at the same time? there should be but one assessment, and one judgment upon it, or if when all are tried together at the same time, there be several damages assessed, there can be only one judgment upon one of these assessments, and a nolle pro-sequi as to the others. If upon such joint plea there be several trials, of different defendants in different terms, and there be several assessments of damages, there can be but one judgment upon some one of these assessments *95 against that defendant in respect of whom such assess-meat was made, and there must be a nolle prosequi as to all the other defendants. Indeed it would seem upon principle, not to make any difference whether the several assessments were made at several times, in the same term, or in different terms. For he who was not bound to attend the trial of a co-defendant, after having been found guilty himself, and after having damages assessed against himself, should not in reason or justice be onera-' ted with the higher damages subsequently assessed against a co-defendant, who in his absence either would not, or could not make as sound a defence as he himself had already made, or who may have combined with the plaintiff in causing the higher damages to be assessed in order to charge therewith the absent co-defendant, who had already been tried, and had reduced the damages below the quantum now'assessed. If this be not so, then the defendant who has been tried and had damages assessed, must still continue with his witnesses, to wait and attend upon the trial of his co-defendant, in order to reduce the damages against him; and so from time to time, till every co-defendant be tried. This would often be intolerably expensive and vexatious, and almost impossible to be done. If unreasonable as to attendance at different terms, it would be likewise -so, though in a less degree, as to different trials in the same term. The identity of the term, however, is made a material circumstance in the fourth resolution in Heydon’s case, 11 Rep. 7, and therefore must be considered by us, as making in law a substantial alteration in the judgment to be given by the court. As to damages assessed in different terms, there can be but one judgment, and that not against all the defendants, for the better damages, but against one defendant only for the damages assessed against him, entering a nolle prosequi as to all the other defendants. Principle ratifies this course, and authorities support it. 11 Rep. 5. Saunders’ Rep. 207. 5 Burr. Rep. 2790.
This judgment should be reversed and the cause be remanded, that the plaintiff may enter judgment against *96 Davis or Vaughn, at his election, for the damages assessed as to him, against whom he shall take judgment, en-te ring a nolle prosequi as to the others.
Brown and Cook, for plaintiff in error.
Thompson, Darby & Turley, for defendant in error.
Judgment reversed.